IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISON
No. 5:17-CV-536-BO

ALICE ANNETTE HOWELL and BURL )
ANDERSON HOWELL, )
    Appellants, )
 )
v. )     O R D E R
 )
NUCAR CONNECTION, INC., ALLY )
FINANCIAL, INC., and the STATE of )
DELAWARE, )
    Appellees. )

    This cause comes before the Court on appellee Ally Financial's motion to dismiss [DE 31], as well as a series of motions by appellants. [DE 14, 19, 23, 26, 31, 35, 38]. The other appellants named in this case have not appeared and the matters are ripe for ruling. For the following reasons, all of appellants' motions are denied and appellee's motion to dismiss is GRANTED.

## BACKGROUND

    This case arises out of a bankruptcy proceeding begun on April 3, 2017 in the Eastern District of North Carolina. When they filed for Chapter 7 bankruptcy, appellants identified three creditors, who are the named appellees in this matter: Ally Financial, which has a claim pursuant to a financing agreement for a 2015 Jeep Compass; NuCar Connection, which was granted a levy against appellants in Pennsylvania in 2005; and the State of Delaware, which has a claim in the form of a restitution order against appellant Burl Howell as part of a state criminal sentence.

    The docket in this case at the bankruptcy court is long and appellants' filings, as that Court noted, are "rambling and almost incomprehensible." [Bkr. DE 121].

1

Appellants first noticed their appeal in this Court on October 23, 2017 [DE 1]. The rest of their filings here are: the standalone filing of a case from the Eastern District of California [DE 4];" Opening Brief: Jurisdiction" [DE 5]; "Opening Brief: Right to Counsel" [DE 6]; "Request for Certification of the Question 'Whether a Bankruptcy Court has Jur[isdic]tion to Grant or Deny Appeal in Forma Pauperis'" [DE 14]; Letter [DE 17]; Appellant's Opening Brief [DE 18]; "Motion for Othe[r] Relief to Avoid Judicial Lien of Nucar Connection, Inc. on Jeep Compass and Dismissing Restitution" [DE 19]; "Copy of Bankruptcy Filing" [DE 20]; two filings titled "Notice" [DE 21; 22]; "Motion against remand and to have District Court adjudicate the appellants motion for other relief to avoid judicial lien of Nucar Connection, Inc., lien on 2015 Jeep Compass and dismissing restitution" [DE 23]; "Affidavit for Entry of Default" [DE 24]; "Appellants' 2d Response to Motion for Order in Aid of Enforcement" [DE 25]; "Motion for Order of Stay" [DE 26]; "Appellants' 3d Response to Motion for Order in Aid of Enforcement" [DE 27]; "Amended 3d Response to Motion for Order in Aid of Enforcement" [DE 29]; "Petition Seeking Extraordinary Writ in Aid of Appeal in Lieu of Notice of Appeal" [DE 33]; Motion for Judgment on the Pleadings [DE 35]; Memorandum in Support [DE 36]; "Application to Have Extraordinary Writ Filing Fee Waived" [DE 38]; and "Errata to Appellants' Opening Brief of Appeal" [DE 41]. On the Court's instruction, appellee Ally Financial filed a response to appellants' motions, in order to provide additional information. [DE 30; 34].

## DISCUSSION

Appellants are appearing *pro se*. The pleadings of *pro se* parties are held to less stringent standards than those drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, the lenience afforded them has limits. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).

Such parties must still follow the rules, and they are not absolved of the responsibility, which adheres to all parties, to proceed in good faith. Fed. R. Civ. P. 11.

Next, district courts have jurisdiction to hear appeals from bankruptcy courts. 28 U.S.C. § 158(a). That jurisdiction is limited, and exists over final judgments, orders and decrees, and specific interlocutory orders relating to time periods. *Id.*; 11 U.S.C. § 1121. Fully resolved discrete issues may be appealed from the bankruptcy court, even while the case is continuing. *Mort Ranta v. Gorman*, 721 F.3d 241, 246 (4th Cir. 2013). Here, the bankruptcy court issued two orders that are appealable to this Court under 28 U.S.C. § 158(a): an order denying appellants' motions for sanctions, judgment on the pleadings, and entry of default [Bkr. DE 121]; and an order denying their request to waive the Appeal Fee and otherwise proceed without paying fees [Bkr. DE 135].

No other issue regarding the bankruptcy proceeding is available for this Court's resolution, as this Court lacks jurisdiction. Appellants appear to claim that noticing this appeal has an effect on the bankruptcy court's jurisdiction over the other issues in this case. It does not. *See* 28 U.S.C. § 157(b)(1)-(2); 28 U.S.C. § 1334; 28 U.S.C. § 157(a); Referral of Bankruptcy Matters to Bankruptcy Judges (E.D.N.C. Aug. 3, 1984).

Specifically, this Court does not have jurisdiction over the disposition of the 2015 Jeep Compass. Following a hearing before the bankruptcy court at which appellant Burl Howell stated that he would willingly relinquish possession of the Compass to Ally Financial, the Court entered an order lifting the automatic stay. Appellants later moved in this Court to stay the lifting of the stay. [DE 26]. Such a motion must first be made in the bankruptcy court, or cause must be shown why that would be impracticable. Fed. R. Bankr. P. 8007(a)(1)(A). Appellants did neither here. The motion to stay is therefore denied. Without action by this Court on that motion, the

bankruptcy court retained jurisdiction, and proceedings related to the vehicle continued. Ally Financial moved for the bankruptcy court to issue an Order in Aid of Enforcement, to assist Ally Financial in its possession of the vehicle. That order was granted by the bankruptcy court on February 27, 2018 [Bkr. DE 157]. For these reasons, there is nothing for this Court to resolve on the question of the vehicle and any motion related to it is denied for lack of jurisdiction.

To challenge the bankruptcy court's order refusing to waive appellants' fees, appellants would have needed to timely file a notice of appeal of that order. It does not appear they did so. Appellants did file what they titled a "Request for Certification of the Question" of the bankruptcy court's jurisdiction to deny their motion, [DE 14]. This filing is, like the others, unintelligible, and this Court does not consider it a substantive appeal. But for the sake of finality, this Court adopts the bankruptcy court's own reasoned explanation as to its jurisdiction over the question [Bkr. DE 135 at 8-9]. Also, denying a request to proceed on such an appeal without paying fees is proper when appellants have the ability to pay or are proceeding in bad faith. 28 U.S.C. § 1930(f)(2); 28 U.S.C. § 1915(a)(3). The bankruptcy court found that appellants had the financial ability to pay, and, in any event, their appeal was taken in bad faith. [Bkr. DE 135 at 6; 11]. This Court reviews the bankruptcy court's findings of fact for clear error. *Kielisch v. Educ. Credit Mgmt. Corp*, 258 F.3d 315, 319 (4th Cir. 2001). The determination that appellants are financially solvent and are acting in bad faith was not clearly erroneous. The bankruptcy court's judgment is affirmed.

Appellants have not appealed the order denying their motion for sanctions, judgment on the pleadings, and entry of default. Therefore, that order is now final. As this Court has no jurisdiction over any other question, all other motions are denied.

For the reasons discussed below, appellee's motion to dismiss is GRANTED. All motions by appellants are DENIED for lack of jurisdiction and the Clerk is DIRECTED to close the case.

SO ORDERED, this the __8__ day of April, 2018.

*Terrence Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE